IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NELSON PARNELL, JR., <br> TDCJ #2038355, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent.[1] | § § § § § § § § § § § § § | CIVIL ACTION NO. H-18-1618 |

## **MEMORANDUM AND ORDER**

The petitioner, Nelson Parnell, Jr. (TDCJ #2038355), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Parnell has filed a petition for a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

---

[1] The petitioner names Bryan Collier as the respondent. Because the petitioner is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), Director Lorie Davis is substituted as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## I. BACKGROUND

Parnell is presently serving a life sentence as the result of a conviction that was entered against him on December 12, 2015, in Brazos County, Texas. That conviction was affirmed on direct appeal in an unpublished opinion. *See Parnell v. State*, No. 13-16-00038-CR, 2017 WL 3769726 (Tex. App. — Corpus Christi-Edinburg Aug. 31, 2017). The Texas Court of Criminal Appeals refused his petition for discretionary review on March 21, 2018.

Parnell does not challenge his underlying conviction here. Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Ellis Unit in Huntsville, where he currently resides. According to the pleadings, Parnell was charged in TDCJ Disciplinary Case #20160233971 with threatening to inflict harm on a female correctional officer. After a hearing before a disciplinary captain, Parnell was found guilty of the charges against him on April 12, 2016. As a result of the disciplinary conviction, Parnell lost commissary and recreational privileges for 45 days. He was also reduced in classification status from Line 1 to Line 2. Parnell filed grievances to challenge the conviction, but his appeal was unsuccessful.

Parnell now seeks a federal writ of habeas corpus to challenge his conviction in Disciplinary Case #20160233971. In several related grounds for relief, Parnell

contends that he was denied due process in connection with his disciplinary conviction, which was not supported by sufficient evidence or decided by an impartial fact-finder. Parnell alleges further that he did not receive effective assistance from the counsel substitute who was designated to advocate on his behalf. Notwithstanding the arguments made in the petition, the Court finds that Parnell is not entitled to federal habeas corpus relief because he does not state a claim under the legal standard that governs prison disciplinary proceedings.

## II. **DISCUSSION**

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A Texas prisoner can demonstrate a due process violation in connection with a prison disciplinary conviction only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000)

(explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Parnell, who is serving a life sentence, meets neither of the above-referenced criteria because he concedes that he is not eligible for early release on mandatory supervision and the challenged conviction did not result in the loss of any previously earned good-time credit. This is fatal to his due process claims. *See Malchi*, 211 F.3d at 957-58; *see also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (holding that a Texas inmate serving a life sentence is not eligible for mandatory supervision and, therefore, has no constitutionally protected interest in such release).

To the extent that Parnell lost commissary and recreational privileges, these sanctions are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). In that respect, limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that reductions in a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211

F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because these sanctions do not implicate a protected liberty interest, Parnell cannot show that he is entitled to habeas corpus relief from these particular forms of punishment.

Based on the foregoing, Parnell does not establish that the punishment he received implicates a protected liberty interest or that his proceeding violated the Constitution. Absent an allegation that the petitioner has been deprived of some right secured to him by the Constitution or laws of the United States, federal habeas corpus relief is not available. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Therefore, Parnell's petition for a federal writ of habeas corpus must be denied.

## III. **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). After careful review of the pleadings and the applicable

law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the pleadings do not otherwise contain facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV. **CONCLUSION AND ORDER**

The Court **ORDERS** as follows:

1. The petition for a federal writ of habeas corpus filed by Nelson Parnell, Jr. [Doc. # 1], is **DENIED**, and this case is **DISMISSED** with prejudice.

2. Parnell's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the petitioner.

SIGNED at Houston, Texas, on June 6, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE